PEARLL *v.* PEARLL ADVERTISING CO.

PEARLL *v.* PEARLL.

1. HUSBAND AND WIFE—EARNINGS OF WIFE—PROPERTY RIGHTS.
   Upon allegations of a bill of complaint that defendant corporation was formed by complainant and his wife and sons, to carry on a business which the husband claimed to have built up, and that he consented to the creation of the company

upon the promise that he should have 100 shares of the stock, and that no stock has been issued to him, no relief can be granted, where the proofs fail to support the charge, under a theory not contemplated by the bill, that the parties are living together and the husband is entitled to control or share in the community property.

2. Same—Emancipation of Wife.

A wife, compelled by circumstances to assume control of her husband's business, which she conducts for twenty-five years with the aid of her sons, dealing with her husband as with a stranger, and recognized by him as entitled to earn and disburse funds independently, will not be required to turn over the business to him, and to desist from interfering with it.

3. Same—Wife's Separate Estate — Voluntary Conveyance— Consideration.

Evidence that complainant deeded to his wife land incumbered by a mortgage for its full value, without consideration, that she controlled it for 21 years as the owner, improved it, paid taxes and remortgaged it to rebuild, without complainant making any claim of ownership, does not warrant a decree vesting an interest in the husband.

Appeal from Bay; Collins, J. Submitted June 17, 1910. (Docket Nos. 75, 76.) Decided July 14, 1910.

Bill by Anton W. Pearll against the Pearll Advertising Company and others to have complainant declared to be a stockholder, and by the same complainant against Severyna Pearll for the cancellation of a deed. From a decree dismissing the bills, complainant appeals. Affirmed.

*James Van Kleeck* (*George P. Cobb*, of counsel), for complainant.

*L. G. Beckwith*, for defendants.

Ostrander, J. These causes were heard together and are presented in this court upon a single record. In the first, in which the Pearll Advertising Company is a party defendant, complainant claims to be entitled to, and asks to be declared to be the owner of, one-fifth of the capi-

tal stock of the said advertising company; that the association be required to meet and elect a board of directors who are stockholders in the association; and that the association be enjoined from doing any other or further business as a corporation until a board of directors is elected who are stockholders and authorized as such to act as directors. It is charged in the bill of complaint that about four years before it was filed the complainant started the business of bill posting and outdoor advertising, which was carried on under the name of the "Bay City Bill Posting Company;" that he invested in the business a large sum of money and labor, to wit, $2,000 and upwards; that after the business was started, complainant, Severyna Pearll, and their two sons, Julian and Thadius, worked together in the business and shared the fruits and profits in common until about August 1, 1906, when the said Severyna took complete control of the business and excluded complainant from participating therein except as a common laborer performing manual labor for the said company; that she took possession of the books of account and refused to let complainant see or inspect them or have anything to do with the business except to labor; that after repeated and earnest efforts to adjust matters in relation to said business, and on or about January 28, 1907, he filed his bill of complaint, praying, among other things, that he be relieved touching the matters of the business of said company, and especially that the said Severyna be ordered and directed to deliver to him the books of account and be restrained by injunction from interfering with complainant's business affairs; that afterwards an amicable agreement was made, by the terms of which complainant was to discontinue his suit, a stock company or corporation was to be organized with $5,000 of capital stock, divided into 500 shares, and all the property of the bill-posting company should be put into the corporation and constitute the capital stock, and complainant should have 100 shares of the stock, the rest being divided between Severyna, Julian, Thadius, and

one David L. Galbraith, who was a son-in-law of the parties; that in February, 1907, articles of association were made and filed and recorded pursuant to law, the name of the corporation being "Pearll Advertising Company:" that Severyna Pearll subscribed for 430 shares of stock, Julian for 20, and Thadius for 50; that complainant was told that he was a stockholder to the extent of 100 shares and believed it; that a meeting was held at which a board of directors was elected, including complainant and said Galbraith, and the said directors elected complainant president and Galbraith treasurer; that after the organization of this company the business was carried on in the same manner as it was before, but, when he discovered that he was not a stockholder and had no interest in the corporation and applied for 100 shares of the stock, he was informed that he was not a stockholder and had no interest in the corporation.

The bill was verified and was answered by the defendants other than the Pearll Advertising Company, denying especially that complainant ever started the business of bill posting or invested in the business a large sum of money. On the contrary, the defendants say that complainant has never been engaged or interested in the business except at different times in the capacity of a hired employé. Most of the material allegations of the bill are denied, and it is alleged that after executing the articles of association, and before any transfer of the business aforesaid to said corporation, the stockholders by proper action terminated the corporation and dissolved it. Mere convenience is said to have induced the formation of a corporation, which, however, did no business as such and issued no stock.

In the other suit the bill sets out: That previous to April 16, 1885, complainant was the owner of two certain lots. That on that day, in order to provide for each other in case of death, complainant and his wife, the defendant, made and executed and delivered deeds of the said lots; complainant deeding the land to his wife, and the wife at

the same time deeding it to complainant. These deeds were made and delivered on the advice of counsel for the purpose of creating a joint tenancy in complainant and his wife. That the said Severyna fraudulently obtained possession of the deeds and destroyed the deed which she had executed to complainant, but recorded the deed executed by complainant to her. That the premises were were worth $2,000 and upwards. The rental value was $600 a year. Severyna has collected and kept the rent and threatens to continue to do so. He also avers in this bill that he went into the business of bill posting, and invested in it about $2,000, and that his wife, Severyna, after all of the family had worked together in said business, took the business into her own hands, so that complainant has no knowledge of how the business is conducted. The relief prayed for is that the deed made by complainant to Severyna be canceled; that she may be directed to make a conveyance of said land to complainant, or that they may be declared to be joint tenants of said property; that Severyna be ordered and directed to deliver up the books of account relating to the bill-posting business; and that she be restrained by injunction from interfering with complainant's business affairs, excepting the bill-posting business. She answered the bill denying the material allegations thereof. In each of these causes the court below dismissed the bill, and the complainant has appealed from both decrees.

I have read the record, and find that, so far as the cause first above stated is concerned, complainant has failed to prove any material allegation of the bill excepting only the merely formal allegations. The parties still are living together, and it is the contention of complainant that the case, upon the facts, requires the application of the doctrine that the husband is head of the family and entitled to control, or at least to share in, the community property. It is said, too, that the earnings of the wife, she having worked and earned money for some 25 years, sometimes as much as $900 a year, belong to the husband, in the absence of agreement or understanding, and that

she could not acquire any exclusive interest in the property in which this money has been invested.

The answer to these contentions is: *First*, that the bill is filed upon no such theory; and, *second*, that it appears that circumstances, in this instance, forced the wife to become the executive and working head of the family, and the complainant has for years recognized her right to earn and disburse money, doing business with her himself as he would with a stranger. She has sought to acquire for the sons a business in which they can earn their living, and has exercised good judgment in seeing to it that her husband did not much interfere in the management thereof.

With regard to the other cause, I find that the complainant was the owner of the property described in the bill of complaint, and that he executed a deed thereof to his wife as is alleged, and that she paid no consideration for the transfer, although it seems to be claimed by counsel for defendants that she paid him $200 for the deed. The property was worth about $3,000 and was mortgaged for $3,000. From 1885, when the deed was made, to 1907, when complainant filed his first bill of complaint, the wife appears to have paid the taxes, insurance, repairs, and interest, collected the most of the rents, borrowed money on her own account to repair and rebuild the property after it had been burned, remortgaged the place for $1,200 to procure money to buy the bill-posting business, again remortgaged it to pay for the cost of rebuilding upon the property without any interference from the complainant or any claim upon his part that he had any interest in the property. The allegation that a deed of the property was executed by defendant to complainant is not proved.

These two causes must be disposed of here as they were disposed of in the court below, and both decrees are affirmed, with costs to appellees.

HOOKER, MOORE, MCALVAY, and BROOKE, JJ., concurred.